## Wiggins Ferry Company v. William Hill.

1. DANGEROUS PLACE—*proof essential to recovery where a servant claims his injury resulted from his master's ordering him into a.* In order to establish the right to recover in such a case, the plaintiff must prove, by a preponderance of the evidence, that at the time of his injury he was acting under and in obedience to the orders of a superior, whose orders it was his duty to obey; that the danger in question was

known to such superior or ought to have been known to him in the exercise of ordinary care; that he did not know the danger and could not have known it by the exercise of reasonable care, and that he was free from negligence which in any way contributed to the injury.

2. INSTRUCTION—*when, erroneous.* An instruction based upon the theory of recovery set forth in the preceding paragraph of this syllabus, is erroneous, which fails to conform thereto and which ignores any of the essentials of the recovery therein set forth.

3. DECLARATION—*what defects of, are cured by verdict.* In an action on the case for personal injuries brought by a servant against his master for injuries alleged to have resulted from being ordered into a dangerous place, a declaration is defective which fails to aver that the peril in question was not obvious to the plaintiff, but such defect not having been raised by demurrer, is cured by the verdict.

4. DECLARATION—*proof essential where, defective.* Where a declaration is defective in failing to aver a material fact, the plaintiff must prove such omitted fact, notwithstanding the defect in the declaration may have been cured by the verdict.

Action on the case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. SILAS COOK, Judge, presiding. Heard in this court at the August term, 1903. Reversed and remanded. Opinion filed March 10, 1904.

CHARLES W. THOMAS, for appellant.

HARDING & HARDING and D. J. SULLIVAN, for appellee.

MR. JUSTICE MYERS delivered the opinion of the court.

In the view we take of this case an extended statement of the facts and comment upon the evidence will be unnecessary. Appellant operates a ferry boat named "Sackman," used in transferring railroad cars across the Mississippi river at East St. Louis. On the boiler deck of the boat are two railroad tracks with a row of posts between them. To provide coal for the boilers a loaded coal car was pushed by an engine from the cradle, at the landing, onto the bow of the boat and left in that position until it was necessary to unload it into the coal bunker. The moving of the car to the bunkers, a distance of thirty or forty feet, was done by the two men called "coal passers." In this operation one of the men got on the car and released the brake, when by the force of gravity the car would ordinarily move toward the desired position opposite the bunker.

At the same time the other man would go upon the car at the forward end or side to "spot" it, that is, to indicate by signal to the man at the brake when to stop the car, that it might be in position to unload.

Plaintiff had been in the employ of defendant two or three weeks prior to the injury as a day laborer at work on the bank and in the hold of the boat. The evening before he was hurt, Cunningham, the foreman of the laborers, told him to go down to the Sackman and help unload coal, and that Lindsay, who was a coal passer, would be there and show him what to do. Plaintiff went to the boat and worked with Lindsay that night in moving the car and unloading the coal as indicated and was told or directed by Lindsay, as he testified, what and how he was to do the work required. The second night, or morning of July 24, 1901, he was again engaged with Lindsay in spotting a car and was on the side next the posts or stanchions. The brake was loosed by Lindsay, and as the car was moving by gravity to position, plaintiff was caught between the car and one of the posts, receiving the injury complained of. With a car of the usual and ordinary width, such as the one operated the first night, there is sufficient space between the side of the car and the posts to pass with safety while in the position occupied by plaintiff at the time of the injury. But this car was built with flaring sides and at the top left only six inches space between the car and post, whereby the plaintiff's position on the side became one of extreme peril.

The declaration consists of a single count charging defendant with negligence in ordering plaintiff into the dangerous position in which he was injured. To sustain this allegation the burden was on the plaintiff to prove affirmatively, that at the time of the injury he was acting under and in obedience to an order from Lindsay; that Lindsay had power as a superior over him, whose orders it was the duty of the plaintiff to obey; that the danger, the proximity of the post to the moving car, was known to Lindsay, or that by the exercise of reasonable care for plaintiff's safety he

should have known it; that the plaintiff did not know the danger and could not have known it by the exercise of reasonable care for his own safety and that he was free from negligence which in any manner contributed to the injury. These are the ultimate facts necessary to be proven under the pleading in order to establish liability of de fendant and the plaintiff's right to recover. Negligence in failing to provide a reasonably safe place for plaintiff to work is not alleged in the declaration. That is a different and entirely distinct cause of action, and only by analogy may rules applicable in such case be regarded in argument of the case at bar. It is not alleged that the place, the boat, with the track and posts, were unsafe, or that defendant was negligent in that respect. With the issues thus defined, it was highly essential to a fair trial that the instructions given to the jury should be substantially correct in the statement of the law.

The court gave to the jury this instruction: "The court instructs the jury that it was the duty of the defendant to use reasonable care to avoid subjecting plaintiff to perils not obvious to the employment and which were unknown to the plaintiff, and if you believe from the preponderance of the evidence that the defendant did not use reasonable care to protect the plaintiff from perils not obvious to the employment and that by reason of such lack of reasonable care upon the part of the defendant, the plaintiff, while in the line of his employment, and while exercising due care for his own safety, was injured as alleged in the declaration, by reason of such perils, which was not obvious to the employment and unknown to the plaintiff, but which was known to the defendant, or by the use of ordinary care, should have been known to it, if the evidence establishes that, then the defendant is liable and you should so find by your verdict, unless you believe from the evidence that such damages, if any, have been released or settled." The instruction is erroneous and misleading. By it the jury are authorized to consider all the perils to which the plaintiff was exposed while in and about the business, whether they

were necessarily incidental thereto or otherwise, whether by reason of the construction of the boat, the tracks, or the car, while, as we have already observed, the only danger or peril proper to consider under the pleading, was that which was incurred by obedience to the negligent order alleged. Under this instruction the plaintiff is relieved from any kind of care to know and observe the conditions about him. Notwithstanding his right to presume security from undisclosed perils, when acting under the orders of a superior, yet the law holds him to the exercise of reasonable care in the use of his faculties to know and understand that which is apparent and obvious. This very essential requirement is omitted altogether.

In further objection to this instruction and others given, it is contended by appellant that the declaration contains no allegation that there was any peril not obvious to plaintiff, nor allegation that plaintiff was not aware of the danger and of the surroundings. This is true, and the declaration is defective for want of such allegation, but the objection not having been raised by demurrer may be cured by verdict, though the plaintiff would not, by such omission, be relieved from making the necessary proof.

There being no averment as to the peril not obvious to the plaintiff, the reference, by instruction, to the declaration for that fact, was calculated to obscure the issue before the jury, though not perhaps in such degree as to warrant a reversal of the judgment upon that objection alone. Two of the other instructions of which complaint is made, in like respect as the one here considered, were prejudicial and misleading and should not have been given.

We refrain from the discussion of objections based upon the absence or insufficiency of evidence for the reason that the case is to be opened for another trial, and under the assignment of errors, only the question of whether or not a new trial should be granted has been presented.

Because of manifest error in the giving of instructions to the jury, the judgment of the City Court will be reversed and the cause remanded for another trial.

*Reversed and remanded.*